IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON GRANT,

                                                 OPINION AND ORDER

               Plaintiff,

                                                 17-cv-279-bbc

    v.

MR. JULSON, MR. MITCHELL,
MR. DITTMAN and MR. BATE,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jason Grant, who is incarcerated at the Columbia Correctional Institution in Portage, Wisconsin, alleges that defendants disciplined him by confining him to his cell without first providing him an administrative hearing, in violation of his rights under the due process clause and the Eighth Amendment. Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and has made his initial partial payment as required by § 1915(b)(1).

      Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). A threshold problem is that plaintiff filed a complaint, dkt. #1, regarding one disciplinary

1

action, and then several weeks later moved to file a supplemental complaint, dkt. #7, seeking to add allegations about a different disciplinary action involving different prison officials. The supplemental complaint did not repeat the allegations in the original complaint. Generally, a plaintiff cannot proceed with multiple complaints; rather, the rule is that an amended complaint replaces any complaint that was filed earlier. Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004) (amended complaint "renders the original complaint void"). In addition, a litigant cannot throw all of his grievances against different parties into one stewpot. Wheeler v. Wexford Health Sources, Inc., 689 F.3d 680, 683 (7th Cir. 2012) ("Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions.").

I need not decide whether plaintiff's claims arise under the same series of transactions or ask plaintiff to refile his complaint as one document because, whether the documents are considered separately or as one document, none of the allegations state a claim upon which relief may be granted. Accordingly, I am dismissing this case and directing the clerk of court to record a strike in accordance with 28 U.S.C. § 1915(g).

The following facts are drawn from plaintiff's complaint and supplemental complaint.

ALLEGATIONS OF FACT

Plaintiff alleges the following in his original complaint:

- Defendant Mitchell, a correctional officer, issued him a conduct report on November 19, 2016 for disobeying orders;

- Defendant Julson, a supervisor, approved the conduct report;

2

- Defendant Bate, a correctional officer, read plaintiff the conduct report and told plaintiff that he would write down plaintiff's statement in response;

- Defendant Julson found plaintiff guilty without hearing from plaintiff directly and ordered that plaintiff be confined to his cell for ten days (November 19-28, 2016);

- During his cell confinement, plaintiff was allowed out only to shower and get food and did not have access to recreation, the law library, a phone or the day room; and

- Plaintiff appealed the decision to defendant Dittman, the warden, who dismissed the appeal without a hearing.

In his motion to file a supplemental complaint, plaintiff alleges that Captain Schulty approved a conduct report that was served on plaintiff on May 22, 2017 and confined plaintiff to his cell for 22 days (May 22 to June 12, 2017) without due process. Plaintiff complained to Warden Dittman, who expunged the report.

OPINION

I understand plaintiff to be raising the following claims: (1) defendants Mitchell, Julson, Bate and Dittman placed him on a 10-day cell confinement for disobeying orders without first providing him an opportunity to be heard, in violation of the due process clause; (2) defendant Schulty placed him on a 22-day cell confinement without first providing him an opportunity to be heard, in violation of the due process clause; and (3) plaintiff's 10-day and 22-day cell confinements amounted to cruel and unusual punishment under the Eight Amendment. I conclude that these allegations are not sufficient to state a

claim under either the due process clause or the Eighth Amendment.

A. Due Process

To prevail on a due process claim, a plaintiff must show that (1) defendants deprived him of a "liberty interest" or "property interest"; and (2) he did not receive all the process that he was due. Abcarian v. McDonald, 617 F.3d 931, 941 (7th Cir. 2010). With respect to the first factor, plaintiff alleges that he suffered a loss of liberty when he was confined to his own cell for two separate periods of 10 and 22 days and not allowed to leave for any activity except eating and showering. However, prisoners have no protected liberty interest in remaining in the general population. Lekas v. Briley, 405 F.3d 602, 607-608 (7th Cir. 2005). The Supreme Court has held that a prisoner is entitled to due process protections only when he is subjected to an "atypical and significant hardship." Sandin v. Conner, 515 U.S. 472, 484-486 (1995). The violation of prison procedures or the lack of due process in assigning an inmate to segregation does not constitute a freestanding constitutional violation. Id. at 485-86.

Courts have found that an atypical and significant hardship often arises when an inmate is placed in segregation, or another similarly strict prison environment, for an extended period of time. There is no bright-line rule defining how long a restrictive confinement must be to trigger the protections of the due process clause, but the Supreme Court and the Court of Appeals for the Seventh Circuit have made clear that short-term placements in restrictive environments like segregation do "not present the type of atypical,

4

significant deprivation in which a State might conceivably create a liberty interest." Id. at 486. For example, the prisoner in Sandin was in segregation for 30 days, and the Court of Appeals for the Seventh Circuit has extended the rule in Sandin to cover terms of segregation of up to three months. Townsend v. Fuchs, 522 F.3d 765, 766 (7th Cir. 2008) (two months); Hoskins v. Lenear, 395 F.3d 372, 374 (7th Cir. 2005) (two months); Lekas, 405 F.3d at 612 (three months); Thomas v. Ramos, 130 F.3d 754, 761 (7th Cir. 1998) (approximately 70 days). Cf. McGee v. Mayo, 211 Fed. Appx. 492, 494 (7th Cir. 2006) (confinement to cell for day did not deprive prisoner of liberty interest).

In more recent cases the court of appeals has emphasized that a court must consider both the length of confinement and the severity of conditions. E.g., Marion v. Columbia Corr.. Inst., 559 F.3d 693, 698 (7th Cir. 2009). However, apart from being denied access to his usual recreational and legal research activities, plaintiff does not allege that the conditions of either of his short confinements to his own cell were "unusually harsh," especially as compared to prisoners confined to a segregation cell with more significant deprivations for longer periods of time. Id. at 697-98. Accordingly, I conclude that plaintiff has not plausibly alleged that he suffered a deprivation of liberty that triggered the protections of the due process clause.

## B. Eighth Amendment

Plaintiff's claims that the conditions of his two cell confinements violated the Eighth Amendment fail for reasons similar to those discussed in connection with his due process

5

claims. Two elements are required to establish a violation of the Eighth Amendment's prohibition against cruel and unusual punishment: (1) the conditions are sufficiently and objectively serious in that they deny the inmate "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981), and create an excessive risk to the inmate's health and safety; and (2) defendants have a sufficiently culpable state of mind. Isby v. Brown, 856 F.3d 508, 521 (7th Cir. 2017) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). Only "extreme deprivations . . . make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 8-9 (1992); McCree v. Sherrod, 408 Fed. Appx. 990, 992 (7th Cir. 2011) (citing Hudson and noting that discomfort is part of penalty inmates pay for their offenses).

The Court of Appeals for the Seventh Circuit has held that "prolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment . . . depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement." Rice ex rel. Rice v. Correctional Medical Services, 675 F.3d 650, 666 (7th Cir. 2012) (citing Walker v. Shansky, 28 F.3d 666, 673 (7th Cir. 1994)); see also Meriwether v. Faulkner, 821 F.2d 408, 416 (7th Cir. 1987). However, merely placing a prisoner in disciplinary segregation is not enough to give rise to an Eighth Amendment violation. Goetsch v. Ley, 444 Fed. Appx. 85, 89 (7th Cir. 2011). Instead, an inmate must allege that conditions in segregation deprived him of the minimal necessities of life or posed a substantial risk of serious harm. Sanville v. McCaughtry, 266 F.3d 724, 733 (7th Cir. 2001).

As discussed above, plaintiff was confined in his own cell for two short stays—10 days on one occasion and then 22 days on a different occasion—and does not allege that he experienced any unusually harsh conditions during either confinement. The court of appeals has held that short stays in segregation are not wrongs under the Eighth Amendment and that unjustified prison conduct reports are not "punishment" under the Eighth Amendment. Leslie v. Doyle, 125 F.3d 1132, 1135 & 1137 (7th Cir. 1997) ("A brief stay in disciplinary segregation is, figuratively, a kind of slap on the wrist that does not lead to a cognizable Eighth Amendment claim . . . . [A] frame-up or malicious prosecution is not an example of punishment in the sense of the Eighth Amendment."). See also Lagerstrom v. Kingston, 463 F.3d 621, 625 (7th Cir. 2006) (citing Leslie for proposition that "the Eighth Amendment provided no protection against" false conduct report). Accordingly, I conclude that plaintiff's allegations do not state a claim under the Eighth Amendment.

ORDER

IT IS ORDERED that

1. This case is DISMISSED for plaintiff Jason Grant's failure to state a claim upon which relief may be granted.

2. Plaintiff's motion to supplement his complaint, dkt. #7, is DENIED.

3. A strike will be recorded in accordance with 28 U.S.C. § 1915(g).

4. The clerk of court is directed to enter judgment in favor of defendants Mr. Julson, Mr. Mitchell, Mr. Dittman and Mr. Bate and close this case.

Entered this 5th day of July, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge