IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JASON GRANT,

                              Plaintiff,

       v.

MR. JULSON, MR. MITCHELL,
MR. DITTMAN and MR. BATE,

                              Defendants.

OPINION AND ORDER

17-cv-279-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On July 5, 2017, I entered an order dismissing the proposed complaint filed by pro se plaintiff Jason Grant, who alleged that defendants disciplined him by confining him to his cell for 10 days and another 22 days without first providing him an administrative hearing, in violation of his rights under the due process clause and the Eighth Amendment. Dkt. #11. Plaintiff has moved for reconsideration of that order, arguing that he has a liberty interest under Wis. Admin. Code DOC Ch. 303 and that his short-term confinement in segregation also affected his security classification, program access and parole eligibility. Dkt. #13. I am denying the motion for reconsideration because plaintiff has not identified any factual or legal errors in the previous order.

Wis. Admin. Code DOC Ch. 303 sets forth disciplinary procedures and penalties for the state's correctional institutions, but it does not create a liberty interest for purposes of

1

the federal due process clause. As I explained in the order screening plaintiff's complaint, prisoners do not have a protected liberty interest in remaining in the general population, Lekas v. Briley, 405 F.3d 602, 607-608 (7th Cir. 2005), and the violation of prison procedures or the lack of process in assigning an inmate to segregation does not constitute a freestanding constitutional violation. Sandin v. Conner, 515 U.S. 472, 485-486 (1995). A prisoner is entitled to due process protections only when he is subjected to an "atypical and significant hardship," id., and plaintiff does not allege that the conditions of either of his short confinements to his own cell were "unusually harsh," especially as compared to prisoners confined to a segregation cell with more significant deprivations for longer periods of time. Marion v. Columbia Correctional Instituion, 559 F.3d 693, 697-98 (7th Cir. 2009).

In addition, plaintiff did not include any allegations in the complaint or the motion for reconsideration stating how the two short periods of cell confinement affected his security classification, program privileges or eligibility for parole. As explained in my previous order, the denial of plaintiff's usual recreational activities do not qualify as the type of "atypical and significant hardship" subject to due process protections. Sandin, 515 U.S. at 484-486. In addition, without a showing of atypical and significant hardship, prisoners do not have a protected liberty interest in a particular security classification or prison assignment, DeTomaso v. McGinnis, 970 F.2d 211, 212 (7th Cir. 1992), or in rehabilitative or educational programs offered while in prison, Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). This is true even where the successful completion of programming upon

transfer could result in early release from custody, because it is not inevitable that the prisoner will actually complete the program and thus be entitled to earlier release. Higgason v. Farley, 83 F.3d 807, 809-10 (7th Cir. 1997); Long v. Wondra, No. 12-cv-647-wmc, 2013 WL 12098999, *5 (W.D. Wis. Sept. 16, 2013), aff'd, 553 Fed. Appx. 637 (7th Cir. 2014). Accordingly, plaintiff's motion for reconsideration will be denied.

## ORDER

IT IS ORDERED that plaintiff Jason Grant's motion for reconsideration, dkt. #13, is DENIED.

Entered this 26th day of September, 2017.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge